LAW OFFICE OF
## CHARLES P. KAZARIAN, P.C.
77 NORTH WASHINGTON STREET
Suite 200
BOSTON, MASSACHUSETTS, 02114

CHARLES P. KAZARIAN, P.C.                                   TELEPHONE (617) 723-6676
INTERNET: kazchaz@aol.com                                   FACSIMILE  (617) 723-8170

November 4, 2004

BY FACSIMILE ONLY (201) 369-8921
Jan Campanella, Esq.
T.D. Waterhouse
100 Wall Street
New York, N.Y 10005

    Re:    Account Nos. 51316472, 51318436
            FBO Rudy K. Meiselman
            <u>Meiselman v. Financial Resources Network, Inc.,</u> et al
            United States District Court (Massachusetts)
            Civil Action No. 04-12304-WGY

Dear Attorney Campanella:

      A few minutes ago we spoke on the telephone regarding the very recent actions taken by your client against my client Dr. Rudy K. Meiselman. Specifically, you have blocked his visual access to his two profit sharing plan accounts held by your firm, which contain his entire savings of over $11,000,000.00. In response to my request that you restore his access, you refused, told me to get a court order, and refused to even allege the basis on which you have taken this outrageous action, except that you suggest that it was directed by the trustee of Dr. Meiselman's profit sharing plan.

      You persisted in your position even though I advised you that suit has been filed against the profit sharing plan and its trustee in the United States District Court in Boston for improper handling of Dr. Meiselman's account, including their failure to comply with his directive to transfer his funds into a rollover IRA.  I also informed you that the Honorable William Young, Chief Judge of the United States District Court in Boston has scheduled a hearing on a preliminary injunction for November 9, 2004 at 2:00, and that Judge Young instructed me from the bench to notify him immediately if there were any further improprieties with Dr. Meiselman's accounts, which I will do forthwith by electronic copy of this letter.

      I am informed that your actions have already cost Dr. Meiselman $250,000.00 in trading profits. As you know, previously he had been freely trading in these self-directed accounts, until several months ago when the trustee and your firm required Dr.

Jan Campanella, Esq.
November 4, 2004
Page 2

Meiselman to fax his desired trades to the defendant Gregg Caplitz for execution. I am told that Caplitz now refuses Dr. Meiselman's faxed instructions, and, thanks to your ill-advised action, Dr. Meislelman cannot even tell if his funds are still in his account. We will have to consider Dr. Meiselman's remedies against your firm, and I will seek the intervention of the Court.

                                                Very truly yours,

                                                /S/Charles P. Kazarian

                                                Charles P. Kazarian

Cc:    Hon. William G. Young
         Rudy K. Meiselman, M.D.